IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICARDO DELPIN-GONZALEZ,          :
                                  :
            Movant/Defendant,     :
                                  :
      v.                          :   Civ. Act. No. 17-788-LPS
                                  :   Cr. Act. No. 15-35-8-LPS
                                  :
UNITED STATES OF AMERICA,         :
                                  :
            Respondent/Plaintiff. :

---

Ricardo Delpin-Gonzalez. *Pro se* Movant.

Jennifer K. Walsh, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

**MEMORANDUM OPINION**

September 30, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Ricardo Delpin-Gonzalez ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 340; D.I. 341) The United States ("government") filed an Answer in Opposition. (D.I. 371) For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

## II. BACKGROUND

On August 31, 2016, Movant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and one count of conspiracy to distribute cocaine in violation of §§ 841(a)(1), (b)(1)(C) and 846. (D.I. 3 at 1, 3; D.I. 345 at 14, 20) Movant entered an "open plea," i.e., without a plea agreement. (D.I. 345 at 2, 7) On December 21, 2016, the Court sentenced Movant to a total of seventy-two months of imprisonment. (D.I. 259 at 2) Movant did not appeal his conviction or sentence.

Movant timely filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 340; D.I. 341) The Government filed a Reply in Opposition, to which Movant filed a Response. (D.I. 365; D.I. 366)

## III. DISCUSSION

The instant Motion asserts the following two grounds for relief: (1) defense counsel provided ineffective assistance by "failing to foreclose the Government's request at sentencing that Movant was leader [of the conspiracy] for which he received a (4) four point enhancement pursuant to U.S.S.G. 3B1.1(a);" and (2) the Court "erred in applying the 4 point enhancement for [a]

leadership role."[1] (D.I. 341 at 2-3) The government contends that the Claim One should be denied as meritless and Claim Two should be denied for failing to assert a proper basis for § 2255 relief.

### A. Claim One: Ineffective Assistance of Counsel

Movant has properly raised his ineffective assistance of counsel allegation in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500 (2003). As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-prong standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Id.* Under the second *Strickland* prong, a movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *See id.* at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). In the context of a guilty plea, a movant satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Moreover, "[w]here defense counsel fails to object to an improper enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance." *Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2003). A court may choose to address the prejudice prong before the deficient performance prong, and may reject an ineffectiveness claim solely on the ground that the movant was not prejudiced. *See Strickland*, 466 U.S. at 668. Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *See id.* at 689.

---

[1] The Memorandum in Support actually asserts three grounds for relief, but one of the Claims merely states "ineffective assistance of counsel" without any further information. (D.I. 341 at 2) Consequently, the Court has combined the two ineffective assistance of counsel claims into Claim One.

In his Memorandum in Support, Movant contends that defense counsel provided ineffective assistance *during the sentencing phase* by failing to "foreclose the Government's request" that his sentence should be enhanced four levels pursuant to the leadership enhancement – U.S.S.G. § 3B1.1(a). (D.I. 341 at 2-3) In its Response, the government contends that Movant's ineffective assistance of counsel claim is meritless because defense counsel explicitly objected to the leadership enhancement during the sentencing phase; the government supports this contention with cites to both the sentencing transcript and Movant's sentencing memorandum. In his Reply to the Government's argument, Movant asserts a different ineffective assistance allegation, namely, that defense counsel failed to "foreclose the possibility of a leadership enhancement *prior to Movant's change of plea.*" (D.I. 366 at 2) (emphasis added) Movant contends that defense counsel's performance fell below an objective standard of reasonableness because counsel failed to inform him during the pre-plea stage that there was a possibility his sentence would be enhanced four levels under § 3B1.1(a) if he was found to be an organizer or leader of the conspiracy. (D.I. 366 at 3) Movant also asserts that he was prejudiced by defense counsel's performance during the pre-plea stage because counsel failed to assert (presumably to the government or the Court) that: (1) Movant was only a supplier to Friel; (2) Movant did not control or direct Friel's distribution in any way; (3) Movant was not an organizer of criminal activity involving five or more people; and (4) Movant was not a member of Friel's drug organization. (D.I. 366 at 4)

Movant's arguments are unavailing. To begin, as noted by the government, the record clearly demonstrates that defense counsel challenged the application of the leadership enhancement during the sentencing phase. For instance, three pages of Movant's Sentencing Memorandum were dedicated to arguing that the leadership enhancement should not apply. (D.I. 241 at 7-10) Additionally, during the sentencing hearing, defense counsel presented a detailed factual argument as to why he believed the leadership enhancement was inapplicable to Movant's case. (D.I. 347 at 4-9)

The fact that the Court rejected defense counsel's objection to the enhancement does not demonstrate that counsel provided ineffective assistance. *See generally Strickland*, 466 U.S. at 699 ("On these facts, there can be little question, even without application of the presumption of adequate performance, that trial counsel's defense, though unsuccessful, was the result of reasonable professional judgment."); *see also United States v. Fernandez*, 2018 WL 1609340, at *4 (E.D. Pa. Apr. 3, 2018). In short, Movant's complaint about defense counsel's "failure to foreclose" the application of the leadership enhancement during the sentencing phase is factually baseless.

The Court's conclusion is not affected by Movant's assertion in his Reply that defense counsel allegedly failed to inform him prior to his entering a guilty plea about the potential applicability of the leadership enhancement. This pre-plea ineffective assistance of counsel claim is a new claim that was not presented in Movant's § 2255 Motion or Supporting Memorandum. It is improper for a movant to assert a "a new claim for the first time in his Reply." *McPherson v. Paramo*, 2017 WL 9732426, at *18 n.15 (C.D. Cal. Dec. 5, 2017); *see also Judge v. United States*, 119 F. Supp. 3d 270. 284 (D.N.J. 2015) ("The prohibition against raising new facts and arguments in reply is especially applicable where, as here, a Petitioner was provided a *Miller* notice advising him that all of his claims must be presented in one 2255 motion and Petitioner responded to that notice . . . ."); *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (district court may decline to review claim that party raises for the first time in traverse). As a result, the Court will not consider Movant's new argument regarding defense counsel's pre-plea performance.

Nevertheless, even if Movant could demonstrate that defense counsel did not inform him about the possible application of the leadership enhancement during the pre-plea stage, Movant has failed to demonstrate that he was prejudiced by counsel's action. Significantly, neither the Motion nor the Reply assert that Movant would not have pled guilty but for counsel's alleged failure during the pre-plea stage. Additionally, during the plea colloquy, the Court explained its sentencing process

to Movant and also informed Movant that he was subject to a statutory maximum of forty-years of imprisonment. (D.I. 345 at 9) More specifically, the Court stated that, "before sentencing, the United States Probation Office will prepare a presentence investigation report for the Court, and both you and the government will have the chance to review that report and challenge any of the facts contained in that report." (D.I. 345 at 10) The Court detailed the three-step process it uses for determining a sentence, the first step being consideration of the "sentencing guideline calculations as prepared by the Probation Office and any objections to those calculations." (D.I. 345 at 10-11) The Court also noted that, "[o]ften, the government will recommend a sentence within the guideline range, but without a review of that presentence report, [the Court] cannot predict today whether the guideline range in this case is reasonable or not." (D.I. 345 at 11) The Court then warned Movant that if it "imposes a sentence that is harsher or more severe than the sentence [he] expect[s], [he] will still be bound by [his] plea and will have no right to withdraw it on that basis." (D.I. 345 at 11) Movant affirmed he understood the Court's explanation about the maximum sentence he faced as well as the sentencing process. (*Id.*) In fact, Movant repeatedly affirmed during the sentencing hearing that he wished to plead guilty regardless of the sentencing consequences.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The transcript of the plea colloquy shows that Movant understood the statutory maximum sentence he faced, the applicable Guidelines range, and that his sentence could not be determined until after the PSR had been prepared and received by the Court. The sentence Movant ultimately received was well below the possible maximum sentence he faced. Movant has not provided any compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Given all of these circumstances, Movant has failed to demonstrate that was prejudiced by defense counsel's alleged failure to inform him

there could be enhancements in the PSR and at sentencing. Accordingly, the Court will deny Movant's ineffective assistance of counsel claim as meritless.

### B. Claim Two: Application of Leadership Enhancement

Next, Movant asserts that there was insufficient evidence to support the Court's conclusion that Movant was a "leader, organizer, or manager" of the organization, warranting a four-level sentence enhancement under U.S.S.G. § 3B1.1. (D.I. 341 at 4-8; D.I. 366 at 4-6) The government contends that this argument cannot be raised in a § 2255 motion because it does not challenge the constitutionality of a sentence. (D.I. 365 at 2)

The misapplication of the Sentencing Guidelines does not automatically amount to a constitutional deprivation. *See Gatling v. United States*, 188 F. Supp. 3d 426, 429 (M.D. Pa. 2015). Although the Third Circuit has not addressed this issue in a precedential opinion,[2] other circuits have held that "[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *see also Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011) ("We have recognized that sentencing errors are generally not cognizable on collateral review, especially when such errors can be raised on direct appeal."). Here, since Movant has not set forth any "extraordinary circumstances" that would render his claims cognizable, the Court will dismiss Claim Two for failing to assert a proper basis for § 2255 relief.

Nevertheless, even if the Court were to consider the allegations in Claim Two, the Claim would not warrant relief. If a movant fails to raise a claim on direct appeal, that claim is procedurally defaulted and cannot thereafter be reviewed pursuant to 28 U.S.C. § 2255 unless the

---

[2] In *United States v. Doe*, 810 F.3d 132 (3d Cir. 2014), the Third Circuit held that challenges to career offender enhancements under the mandatory guidelines were cognizable under § 2255, but explicitly stated its holding did not "consider challenges to the advisory Guidelines, procedural Guidelines error, provisions other than career-offender designation, defaulted claims, or Guidelines errors that do not cause prejudice." *Id.* at 160.

movant demonstrates cause for the default and prejudice resulting therefrom, or that he is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 616, 621-23 (1998). The record reveals that Movant defaulted the instant Claim because he did not file a direct appeal. Movant does not provide any cause for his default and, given this failure, the Court will not address the issue of prejudice. Movant's default of Claim Two cannot be excused under the miscarriage of justice exception to the procedural default doctrine because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will alternatively deny Claim Two as procedurally barred.

### IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold a prompt evidentiary hearing unless the "motion and the files and records of the case conclusively show" that the Movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Fed. R. Civ. P. 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that Movant is not entitled to relief. Therefore, the Court will deny Movant's § 2255 Motion without an evidentiary hearing.

### V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant § 2255 Motion does not warrant relief, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For all of the foregoing reasons, the Court will dismiss Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. Additionally, the Court will not issue a certificate of appealability. An appropriate Order follows.